IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

LAMAR NELSON DOUGLAS, )
)
Plaintiff, )
) Civil Action No. 11-350
v. )
) Magistrate Judge Bissoon
IRMA VIHIDAL, *et al.*, )
)
Defendants. )
)

**ORDER**

Plaintiff Lamar Nelson Douglas ("Plaintiff") is a state prisoner who alleges that his constitutional rights were violated while he was incarcerated at the State Correctional Institution at Greene ("SCI-Greene"), in Waynesburg, Pennsylvania. (Doc. 12-1 at 1). Plaintiff also alleges violations of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12131, *et seq*. Currently before this Court are Plaintiff's motion to amend his complaint (Doc. 12), and his motion for the appointment of counsel (Doc. 13).

Plaintiff's motion to amend will be granted.

Next, this Court addresses Plaintiff's motion for counsel. The United States Court of Appeals for the Third Circuit set forth the standard to be applied by district courts when responding to a request for counsel pursuant to the provisions of 28 U.S.C. § 1915(e)(1) in Tabron v. Grace, 6 F.3d 147 (3d Cir. 1993). The court in Tabron acknowledged that district courts have no authority to compel counsel to represent an indigent civil litigant. Id. at 157 n.7. That court also recognized that when "[a]n indigent Plaintiff with a claim of arguable merit is incapable of presenting his or her case, serious consideration should be given to appointing

counsel." Id. at 156. The Court of Appeals likewise addressed the practical constraints confronted by district courts regarding the appointment of counsel, which include the ever-growing number of prisoner civil rights actions filed each year in the federal courts; the lack of funding to pay appointed counsel; and the limited supply of competent lawyers who are willing to undertake such representation without compensation. Id. at 157.

The Court of Appeals also announced a series of factors that a trial court should consider and apply in ruling upon a motion for the appointment of counsel. Id. at 155-56. These factors include: (1) the plaintiff's ability to present his or her own case; (2) the difficulty of the particular legal issues; (3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue investigation; (4) the plaintiff's capacity to retain counsel on his or her own behalf; (5) the extent to which a case is likely to turn on credibility determinations; and (6) whether the case will require testimony from expert witnesses.

A review of the complaint in light of the factors announced in Tabron reveals the following.

(1) Plaintiff's legal issues are not complex. Additionally, as a *pro se* litigant, Plaintiff enjoys the relaxed pleading standard promulgated in Haines v. Kerner, 404 U.S. 519, 520 (1972), and its progeny.

(2) The necessary factual investigation can be adequately pursued by Plaintiff through the discovery process.

(3) Plaintiff appears to have no particular problem pursuing his claims. Indeed, despite his alleged blindness in one eye, Plaintiff has demonstrated his ability to draft detailed filings, and appears capable of performing legal research and writing.

(4) Plaintiff's claims do not appear to require extensive or complicated discovery.

(5) Plaintiff's case may turn on credibility determinations.

(6) This case may require the testimony of expert witnesses.

2

Two of the above-mentioned factors weigh in favor of appointing counsel. However, neither of these factors is likely to have much impact on Plaintiff's ability to prosecute his case at this stage in the litigation. Additionally, Plaintiff has made no showing, or even asserted, that he has made any attempt to retain counsel himself. The undersigned concludes that appointment of counsel is not appropriate at this time. Furthermore, this Court notes that Local Civil Rule 10.C indicates that "[a]bsent special circumstances, no motions for the appointment of counsel will be granted until after dispositive motions have been resolved." In light of the above analysis under Tabron, Plaintiff has not alleged any circumstances that would warrant deviation from that rule. Accordingly, Plaintiff's motions for the appointment of counsel (Docs. 6 and 13) will be denied.

AND NOW, this 18th day of October, 2011,

IT IS HEREBY ORDERED that Plaintiff's motion for leave to file an amended complaint (Doc. 12) is GRANTED. The Clerk is directed to file Plaintiff's proposed amended complaint.

IT IS FURTHER ORDERED that Defendants' pending motions to dismiss (Docs. 5 and 8) are DENIED, without prejudice to Defendants filing new motions to dismiss, if appropriate, on or before November 9, 2011.

IT IS FURTHER ORDERED that Plaintiff's motion for the appointment of counsel (Doc. 13) is DENIED.

IT IS FURTHER ORDERED that in accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(A), and Rule 72.C.2 of the Local Rules for Magistrates, objections to this order must be filed by November 2, 2011. Failure to file objections will waive the right to appeal. Brightwell v. Lehman, 637 F.3d 187, 193 n.7 (3d Cir. 2011).

s/Cathy Bissoon  
CATHY BISSOON  
UNITED STATES MAGISTRATE JUDGE

**cc:**
**LAMAR NELSON DOUGLAS**
CJ-1576
SCI Greene
175 Progress Drive
Waynesburg, PA 15370