IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LAMAR NELSON DOUGLAS,<br>    Plaintiff,<br><br>    v.<br><br>DR. BYUNGHAK JIN,<br>Medical Director, SCI<br>GREENE,<br>    Defendant. | Civil Action No. 11-0350<br>United States Magistrate Judge<br>Cynthia Reed Eddy |

MEMORANDUM ORDER DENYING PLAINTIFF'S
PROPOSED INSTRUCTION REGARDING THE
FAILURE TO CALL A WITNESS (ECF NO. 186)

Plaintiff, Lamar Nelson Douglas, submitted a proposed instruction which seeks to raise an adverse inference from Dr. Jin's "failure to call" Dr. Mayle from Regional Eye Associates as a witness for the defense. Dr. Jin has submitted a Response (ECF No. 187), setting forth his objection to the requested instruction. Dr. Jin's Objection is GRANTED.

The short and sufficient reason for denying the adverse inference-missing witness instruction is that where, as here, the "missing witness" is equally available to both parties and not controlled by the party against whom the adverse inference is sought, it is inappropriate to infer that the witness' testimony would have been unfavorable to that party. *See, e.g*., Third Circuit Model Criminal Jury Instructions, Section 4.16 ("You should not draw such a conclusion if the witness was equally available to both parties or if the witness' testimony would have merely repeated the testimony of other witnesses or evidence already presented in the case.") and Comments to Section 4.16 ("Several requirements must be satisfied before this instruction is appropriate [the first of which is that] the witness was available to one party and not the other"); *Arch Ins. Co. v. Carol & Dave's Roadhouse, Inc*., 2013 WL 607829, *4 (W.D.Pa. 2013) (missing witness adverse inference rule only permitted in narrow circumstances when a potential witness

1

is available to only one of the parties to a trial; adverse inference cannot be used when the uncalled witness is equally available to both parties or is not within the control of the party against whom the negative inference is desired); *Flocco v. J.C. Penney Corp., Inc.,* 2011 WL 3862204, *5 (E.D.Pa. 2011) ("if a party has it peculiarly within his power to produce witnesses whose testimony would elucidate the transaction, the fact that he does not do it creates a presumption that the testimony, if produced, would be unfavorable. . . . However, such an inference is not permitted if the person in question is equally available to both parties.").

Dr. Mayle is not an employee of the DOC, nor is he an employee or associate of Dr. Jin's at the health services company contracted to provide medical care at SCI Greene. The uncalled witness is a third party medical provider to whom Dr. Jin referred Mr. Douglas and other inmates of SCI Greene, and there has been no proffer that the DOC, Dr. Jin or Dr. Jin's employer had any control over Dr. Mayle or had greater access to him than did plaintiff. In fact, as Dr. Jin points out, Dr. Mayle is Mr. Douglas' treating physician, which certainly suggests that Plaintiff would have unfettered access to this uncalled witness. Under the circumstances, Plaintiff is not entitled to an adverse inference–missing witness instruction.

**IT IS SO ORDERED** this 13th day of May, 2014.

/s Cynthia Reed Eddy
Cynthia Reed Eddy
United States Magistrate Judge

cc: all counsel of record